IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN SELPH,

    Petitioner,

v.                                                                      No. 22-cv-240 JCH-KBM

GEORGE STEPHENSON,[1]
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## ORDER DIRECTING AMENDMENT

This matter is before the Court on Julian Selph's Habeas Corpus Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Selph seeks relief from his state convictions for, inter alia, criminal sexual penetration of a child under 13. The Petition appears timely, based on the date Selph placed it in the prison mail system; he alleges he exhausted state remedies; and the arguments warrant a full review of the state record. This case would normally survive initial screening, but the Court cannot order an answer to the current pleadings. The Petition does not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a). It also fails to "substantially follow … the form" § 2254 petition, as required by Habeas Corpus Rule 2(d). The Petition consists of 266 pages. Over 200 pages contain a lengthy written narrative describing the history of the criminal proceeding, with habeas arguments interspersed throughout the case history.

It is not the role of the Court to "sort through a lengthy … [pleading] and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x

---

[1] Petitioner is incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico. *See* Doc. 4. George Stephenson, Warden of LCCF, is substituted in place of the Eleventh Judicial District Court as a party respondent. *See* Habeas Corpus Rule 2(a).

741, 743 (10th Cir. 2014) (citations omitted).  The Court will therefore order Selph to file a single, amended petition limited to thirty-five (35) pages by November 21, 2022.  When drafting his amendment, Selph should include a brief description of each claim (*e.g.,* "ineffective assistance by trial counsel" or "erroneous admission of testimony by Jane Doe") in the sections of the § 2254 petition titled "Ground One," "Ground Two," etc.  If Selph must use additional pages, they should follow the same general format as the form petition (*i.e.,* he should number each ground for relief and include a <u>brief</u> description of the alleged wrongdoing under the header).  Selph need not include lengthy arguments; his counseled appellate briefs will be part of the record if he complies with this Order.  Respondents must provide the state record in a *pro se* habeas proceeding, and Selph may request additional records if Respondents' filings are incomplete.

If Selph fails to timely file an amended § 2254 petition that complies with Rule 8(a) and this Order, the Court will dismiss this action without further notice.  The Clerk's Office will mail Selph another copy of the § 2254 form to use when drafting the amendment.

**IT IS ORDERED** that by November 21, 2022, Selph shall file an amended § 2254 petition that is limited to 35 pages and is consistent with the above instructions.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Selph a blank § 2254 form.

_____
UNITED STATES MAGISTRATE JUDGE